UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISHMAEL ALI BURK,

        Plaintiff,

v.                                                      Case No.  2:23-cv-11846
                                                          Honorable Sean F. Cox

RUGBY LABORATORIES,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE**

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Pennsylvania prisoner Ishmael Ali Burk, presently confined at the State Correctional Institution—Chester in Chester, Pennsylvania, sues defendant Rugby Laboratories, a Michigan corporation, for violation of his Eighth Amendment rights.  Plaintiff asserts that he purchased multi-vitamins from the prison commissary that were manufactured by Defendant and caused him various health issues.  As discussed below, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Plaintiff will also be denied leave to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith.

**I.**

Plaintiff has been granted *in forma pauperis* status.  (ECF No. 4.)  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

The Court dismisses the complaint on the basis that Plaintiff fails to state a claim upon which relief can be granted. Rugby Laboratories is not a "state actor" subject to § 1983 liability. Under § 1983, an alleged deprivation of right guaranteed by the Constitution or laws of the United States must be done under color of State law or regulation. 42 U.S.C. § 1983. A plaintiff generally cannot sue a private company or individual for violations of his constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Whether state action is present in a case involving private citizens depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The "under color of state law" element of Section 1983 excludes from its reach private conduct, no matter how discriminatory or wrongful. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

Here, Plaintiff asserts that Rugby Laboratories violated his Eighth Amendment rights by manufacturing and distributing defective multi-vitamins to the prison commissary, which Plaintiff then purchased. However, Plaintiff's claim must fail because private actors may not be held liable under Section 1983 simply because they provide certain goods to corrections institutions to be distributed to inmates. *See Smith v. Ozmint*, No. 9:09-3644, PMF-BM, 2009 WL 692828, at *3-4 (D. S.C. Mar. 12, 2009) (adopting the recommendation of the Magistrate Judge to dismiss prisoner's Section 1983 claim against manufacturer of toothpaste and deodorant provided to inmates where plaintiff alleges items contained dangerous chemicals; manufacturer was not a state actor simply because it sold items to prison); *Plummer v. Valdez*, 2006 WL

2713784, at *2 (N.D. Tex. Sept. 21, 2006) (dismissing prisoner's Section 1983 claim against Mid-State Commissary, a company that provides products for sale to jail inmates, because company is not a state actor). "Simply put, the mere act of selling something to a government entity to be distributed to inmates does not render the manufacturer or distributor state actors. To do so would transform each and every case involving the government distribution of a defective product into a constitutional violation, which far exceeds the scope and purpose of § 1983." *Smith*, 2009 WL 692828, at *4. Accordingly, Plaintiff fails to state a claim for relief against Rugby Laboratories and the Court dismisses the complaint.

### III.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: August 17, 2023                                s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge